IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 21-MC-1343 |
| | ) | |
| v. | ) | JUDGE RANJAN |
| | ) | |
| POOPSENDERS, | ) | |
| *d.b.a.* POOPSENDERS.COM | ) | (*Electronically Filed*) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF LAW OF THE UNITED STATES IN SUPPORT OF PETITION FOR SUMMARY ENFORCEMENT OF INSPECTOR GENERAL SUBPOENA**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 4

STATUTORY BACKGROUND ....................................................................................... 4-5

FACTS ............................................................................................................................... 5-6

    A.    The Investigation ................................................................................................ 5

    B.    Issuance of the Subpoena .................................................................................. 6

ARGUMENT .................................................................................................................... 6-10

    A.    The investigation and subpoena are within the authority of the Inspector General ........................................................................ 8

    B.    The subpoena is not indefinite or unduly burdensome ........................................... 8

    C.    The information sought by the OIG is relevant to the investigation ....................... 9

    D.    This Court has the duty to enforce the administrative subpoena duces tecum, and the burden of proof lies on Respondent to show that the subpoena is otherwise invalid ........................................................................... 9-10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

Endicott Johnson Corp. v. Perkins, 317 U.S. 501 (1943) ..............................................................8

FTC v. Carter, 464 F. Supp. 633, 641 (D.C. Cir. 1979)……………………………………10

FTC v. Standard American, Inc., 306 F.2d 231 (3d Cir. 1962)………………………………10

FTC v. Texaco, 555 F.2d 862 (D.C. Cir. 1977)........................................................................7

In re EEOC, 709 F.2d 392 (5th Cir. 1983)...........................................................................7, 9

In re Office of Inspector Gen., 933 F.2d 276,277 (5th Cir. 1991)………………………….....9

Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186 (1946)……………………..…7, 8

SEC v. Wheeling-Pittsburgh Steel Corp., 648 F.2d 118 (3d Cir. 1981)........................................7

United States EPA v. Alyeska Pipeline Serv. Co., 836 F.2d 443 (9th Cir. 1988) ....................... 7,8

United States v. Aero Mayflower Transit Co., 831 F.2d 1142, 1145 (D.C. Cir. 1987)...................7

United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1444 (10th Cir. 1985)……….9

United States v. Comley, 890 F. 2d 539, 541 (1st Cir. 1989)………………………..…..4, 10

United States v. Firestone Tire & Rubber Co., 455 F. Supp. 1072 (D.D.C. 1978)……………….7

United States v. Freedom Church, 613 F.2d 316 (1st Cir. 1979)…………………………….4

United States v. Morton Salt Co., 338 U.S. 632 (1950)…………………………….4, 7, 8, 9

United States v. Stuart, 489 U.S. 353, 359-360 (1989)……………………………………...9

United States v. Sturm, Ruger & Company, Inc., 84 F.3d 1, 5 (1st Cir. 1989)………………….. 4

United States v. Westinghouse Elec. Corp., 788 F.2d 164 (3d Cir. 1986)……………….....7, 8

## Statutes

5 U.S.C. app. 3 (1996) ............................................................................................................4

5 U.S.C. app. 3 § 6 (1996) ..........................................................................................4, 5, 6, 9

## INTRODUCTION

This is a summary proceeding filed by the United States as petitioner to obtain judicial enforcement of an administrative subpoena *duces tecum* issued by the Office of Inspector General pursuant to section 6(a)(4) of the Inspector General Act of 1978, as amended. See 5 U.S.C. app. 3 (1996).) In this case, the subpoena was issued to respondent Poopsenders.com ("Poopsenders") pursuant to an investigation into possible employee misconduct where an employee of the United States Postal Service allegedly engaged in an inappropriate relationship with a superior.

An administrative subpoena is summarily enforceable if it is within the authority of the agency, if the demand is not too indefinite, and if the information sought is reasonably relevant to the agency's inquiry. United States v. Morton Salt Co., 338 U.S. 632, 652 (1950); United States v. Sturm, Ruger & Company, Inc., 84 F.3d 1, 5 (1st Cir. 1989). Once the government sets forth a prima facie case, through affidavit, that these three requirements have been met, the subpoena should be enforced. See United States v. Comley, 890 F. 2d 539, 541 (1st Cir. 1989); United States v. Freedom Church, 613 F.2d 316 (1st Cir. 1979). Pursuant to the Declaration of Special Agent Sarah King, attached as **Exhibit A** to the Petition for Show Cause Order, the United States has established that the inquiry in this case is within the authority of this office, that the request is not indefinite or unduly burdensome, and that the subpoena seeks documents relevant to the inquiry. The subpoena should be summarily enforced.

## STATUTORY BACKGROUND

The Inspector General Act of 1978, as amended, created independent Inspectors General in federal agencies. Each Inspector General is authorized to have timely access to all records, reports, audits, reviews, documents, papers, recommendations, or other materials available to the applicable establishment, which relate to the programs and operations with respect to which

4

that Inspector General has responsibilities under this Act.  5 U.S.C. app. 3 § 6(1)(A) (1996).

So that the Inspector General may carry out her statutory duties and responsibilities, Congress has given the following broad subpoena power to the Inspector General:

> In addition to the authority otherwise provided by this Act, each Inspector General, in carrying out the provisions of this Act, is authorized-- . . . to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information), as well as any tangible thing and documentary evidence necessary in the performance of the functions assigned by this Act, which subpoena, in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court.

5 U.S.C. app. 3 § 6(a)(4).

## FACTS

### A. The Investigation

Poopsenders is an internet-based retail company that advertises itself as a novelty service facilitating the anonymous delivery of several varieties of feces. The company is domiciled in Pennsylvania and utilizes a Post Office Box to conduct business. A customer can visit www.poopsenders.com, select a preferred type of feces, and pay via credit card or mail a cash payment to the Post Office Box listed on the company's website.

In February 2019, the Postal Inspection Service was notified of allegations that a subordinate was involved in an inappropriate relationship with a superior and sent unprofessional texts and email correspondence. In October 2019, the Postal Inspection Service notified the Office of the Inspector General ("OIG") that the superior was being victimized and harassed by means of crude Facebook posts, minor personal property damage, and receipt of a package of imitation feces. The feces was traced back to a Pittsburgh, Pennsylvania based company called Poopsenders.

### B. Issuance of the Subpoena

In November 2019, the OIG issued a subpoena to Poopsenders for records related to the sale of the feces that was sent to the victimized employee. The subpoena specifically requested records pertaining to any items sent from Poopsenders to 6780 W. Highland Drive, Grant, Michigan 49372 from October 1, 2019 through October 31, 2019. The company did not respond to the subpoena that was issued at the Post Office Box listed on its website.

On July 16, 2020, the subpoena was reissued, and it was served by hand to the individual who was identified as the owner of Poopsenders on the Pennsylvania corporate records. The subpoena was ignored and there was no response.

Poopsenders advertises on its website that it does not disclose customer information and emphasizes that all transactions conducted on its website are "guaranteed anonymous." The efforts by the OIG to confirm the identity of the individual that sent the feces to the victimized employee have been ignored. Poopsenders goes to great lengths to obscure and conceal a physical address of its operations and identity of its personnel. In light of this and their professed refusal to disclose customer information, further attempts to obtain voluntary compliance seem futile.

The OIG is pursuing enforcement of the subpoena *duces tecum* in order to complete their investigation. The OIG is entitled to the full enforcement of the subpoena *duces tecum* served on Poopsenders and has requested the assistance of the United States Attorney for the Western District of Pennsylvania to secure an enforcement order.

## **ARGUMENT**

Section 6(a)(4) of the Inspector General Act of 1978 provides that, upon issuance of an Inspector General subpoena, "in the case of contumacy or refusal to obey, [the subpoena] shall be

enforceable by order of any appropriate United States district court." 5 U.S.C. app. 3 § 6(a)(4). The role of the district court in evaluating a request for enforcement "is a strictly limited one." FTC v. Texaco, 555 F.2d 862, 871-72 (D.C. Cir. 1977) (en banc), cert. denied, 431 U.S. 974 (1977). The sole issue in an enforcement proceeding is whether "the court's process would or would not be abused by enforcement." SEC v. Wheeling-Pittsburgh Steel Corp., 648 F.2d 118, 125 (3d Cir. 1981). No such abuse is present where the enforcing court determines that "the inquiry is within the authority of the agency; the demand is not too indefinite, and the information sought is reasonably relevant to the agency's inquiry." Morton Salt, 338 U.S. at 652; Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 209, 216 (1946); United States EPA v. Alyeska Pipeline Serv. Co., 836 F.2d 433, 446 (3d Cir. 1988); United States v. Westinghouse Elec. Corp, 788 F.2d at 166 (3d Cir. 1986); United States v. Aero Mayflower Transit Co., 831 F.2d 1142, 1145, 1146 (D.C. Cir. 1987). In determining whether the information sought through an investigatory subpoena is reasonably relevant to the agency's inquiry, this court may look only to "the general purpose of the investigation and determine if the information sought, however broad, is relevant to that purpose." United States v. Firestone Tire & Rubber Co., 455 F. Supp. 1072, 1083 (D.D.C. 1978).

In order to set forth a prima facie case for enforcement of an administrative subpoena under Morton Salt, it is sufficient for the issuing authority to submit an affidavit or declaration to the enforcing court that demonstrates the basis for its conclusion that the investigation is within the scope of the agency's authority and that the requested documents are needed and relevant to the inquiry. In re EEOC, 709 F.2d 392, 400 (5th Cir. 1983).

A. **The Investigation and the Subpoena are Within the Authority of the Inspector General.**

The declaration of the Office of Inspector General Investigator establishes the government's prima facie case for enforcement. The investigation under which the subpoena was issued is well within the authority of the Inspector General of the United States Postal Service.

The authority issuing the administrative subpoena may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." Morton Salt, 338 U.S. at 642-43. Because the evidence sought is not "plainly incompetent or irrelevant to any lawful purpose of the [agency]," this court should enforce summarily the Inspector General's subpoena. See Alyeska Pipeline, 836 F.2d at 446 (citing Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509 (1943)).

B. **The Subpoena is Not Indefinite or Unduly Burdensome.**

The documents requested by an administrative subpoena must not be indefinite or unduly burdensome. Westinghouse, 788 F. 2d at 166. The subpoena in this case seeks information related to transactions conducted by Poopsenders that are associated with a specific address for a specific duration of time. The subpoena issued by the OIG requests the name, physical address, email address, IP address or other contact information identifying the person who placed any order as well as the method of payment for such order(s), including a copy of any order form submitted via the internet or by phone. The information requested is easy to obtain and is limited in its scope. The subpoena is not indefinite or unduly burdensome because it seeks particularized categories of documents that are readily definable as detailed above. See Oklahoma Press, 327 U.S. at 208 (indefiniteness defined as preventing particularized description of documents requested).

8

**C.  The information sought by the OIG is relevant to the investigation.**

Relevancy is necessary in order for a court to enforce a subpoena.  To establish that the information being requested is relevant, the government must show that there is a relationship between the information sought and the investigation being conducted.  Morton Salt, 338 U.S. at 652. The documents requested by the subpoena are directly relevant to the inquiry.  The Office of Inspector General seeks to determine whether a subordinate sent a supervisor imitation feces using Poopsenders.com. The sales records, which are held by the respondent, will show whether the subordinate purchased and shipped feces to a subordinate between October 1, 2019 and October 31, 2019.

**D.  This Court has the duty to enforce the administrative subpoena duces tecum, and the burden of proof lies on Respondent to show that the subpoena is otherwise invalid.**

Section 6(a)(4) of the Inspector General Act gives the district courts the power and authority to enforce subpoenas in the event there is a failure to comply with its terms (5 U.S.C. app. 3 § 6(a)(4)). The proceedings to enforce the subpoenas are summary in nature involving limited judicial review in that administrative subpoenas are presumptively enforceable. See, e.g., United States v. Stuart, 489 U.S. 353, 359-60 (1989). Judicial review of an administrative subpoena is limited and is to be handled summarily with dispatch. In re Office of Inspector Gen., 933 F.2d 276, 277 (5th Cir. 1991). A respondent must show that the subpoena is overly broad or burdensome or that its enforcement would constitute an abuse of the court's process. This is a heavy burden for a respondent in which it must "factually oppose the Government's allegations by affidavit. Legal conclusions and memoranda will not suffice." United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1444 (10th Cir. 1985); See also, In re EEOC, 709 F.2d 392, 400 (5th Cir. 1983). The Supreme Court also stated, to make an "appropriate defense," sufficient

reason for not enforcing the subpoenas must be set forth affirmatively by the accompanying affidavits. Oklahoma Press, 327 U.S. 186, 218 (1946); See also U.S. v. Comley, 890 F.2d 539, 542-543 (1st Cir. 1989). In FTC v. Standard American, Inc., 306 F.2d 231 (3d Cir. 1962), the court held that the respondent has the burden of proving that turning over the documents was burdensome or oppressive or that the material sought was clearly irrelevant and immaterial or beyond the scope of the government's inquiry. Id. at 235. Unless such a showing is made, the court had the duty to enforce the terms of the subpoena. In addition, courts have indicated a reluctance to find that expense in compiling the documentation constitutes a burden. FTC v. Carter, 464 F. Supp. 633, 641 (D.C. Cir. 1979).

## CONCLUSION

Once the government makes a prima facie case, through affidavit or declaration, that the investigation is within the authority of the agency, that the subpoena is not indefinite or unduly burdensome, and that the materials sought by subpoena are relevant to the investigation, the Court must enforce the subpoena.

The United States respectfully requests that this Honorable Court summarily enforce the subpoena issued to respondent.

                        Respectfully submitted:

                        CINDY K. CHUNG
                        United States Attorney

Date: November 24, 2021          */s/ Jill Locnikar*
                                          JILL LOCNIKAR
                                          Assistant United States Attorney
                                          Joseph F. Weis, Jr. United States Courthouse
                                          700 Grant Street, Suite 4000
                                          Pittsburgh, PA 15219
                                          Tel: (412) 894-7429
                                          Email: jill.locnikar@usdoj.gov
                                          PA ID No. 85892